IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>)<br>WYNDE COLLINS, )<br>)<br>        Defendant. ) | No. 3:19-CR-216-RLJ-HBG |

**MEMORANDUM AND ORDER**

      All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 16, 2021, for a telephonic motion hearing on Defendant Collins's Motion to Continue Trial and Plea Deadline [Doc. 43], filed on July 29, 2021. Defendant Collins asks the Court to continue the August 31 trial date and the plea deadline in this case to give defense counsel more time to prepare for trial. Assistant United States Attorney Anne-Marie Svolto appeared by telephone on behalf of the government. Attorneys Gregory P. Isaacs and Ashlee Brooke Mathis appeared by telephone for Defendant Collins. Defendant was excused from the hearing.

      The motion states that certain aspects of the case have slowed discovery, including a protective order requiring discovery review to be physically conducted in Attorney Issacs's law office. Further, Defendant and many witnesses are located out of state. Counsel has conferred with Defendant Collins, who is not opposed to the requested continuance. Defendant contends that discovery is complex and that counsel needs additional time to complete review of discovery,

interview witness, and prepare for trial including potential plea negotiations. The motion provides that the Government also does not oppose a continuance.

At the hearing, Attorney Isaacs argued that additional time is needed because of the complexity of the case and the locations of Defendant Collins and the witnesses out of state, and that additional time is needed for trial preparation, including potential plea negotiations. Further, Attorney Isaacs explained that more time for discovery review is needed because Defendant Collins must drive to Attorney Issacs's office from out of state for that purpose. Attorney Isaacs also stated that Defendant Collins understands that a trial continuance waives her speedy Trial rights. The Government does not oppose the continuance and agrees that more time is needed for trial preparation. The parties agreed on a new trial date of January 25, 2022.

The Court finds the Defendant's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that the parties need additional time to prepare the case for trial. Based upon the representations in the motion and at the hearing, defense counsel needs additional time to conduct discovery including interviewing out of state witnesses and to confer further with the Defendant, who also resides out of state, as well as to engage in potential plea negotiations. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [**Doc. 43**] is **GRANTED**. The trial of this case is reset to **January 25, 2022**. The Court finds that all the time between the filing of the motion on July 29, 2021, and the new trial date of January 25, 2022, is fully excludable time under the Speedy Trial

2

Case 3:19-cr-00216-RLJ-HBG   Document 47   Filed 08/18/21   Page 2 of 3   PageID #: 229

Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  The Court also set a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Collins's Motion to Continue Trial and Plea Deadline [**Doc. 43**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 25, 2022**, **at 11:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **July 29, 2021**, and the new trial date of **January 25, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 14, 2021**;

(5) The deadline for filing motions *in limine* is **January 10, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 11, 2022, at 11:00 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 14, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge