UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:19-CR-216-KAC-JEM-1 |
| | ) | | |
| WYNDE COLLINS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## OPINION AND ORDER DENYING MOTION IN LIMINE

This criminal case is before the Court on Defendant's "Motion in Limine for Designation of Evidence and Motion in Limine to Exclude" [Doc. 97] and the United States's "Response in Opposition" [Doc. 101]. As part of its discovery obligations, the United States disclosed to Defendant a collection of text messages between Defendant and a co-conspirator. Under the guise of Federal Rule of Criminal Procedure 12(b)(4)(B), Defendant asks the Court to order the United States to designate the precise text messages that it will seek to introduce in its case-in-chief. Because the United States has met the requirements of Rule 12(b)(4)(B), the Court **DENIES** Defendant's "Motion in Limine for Designation of Evidence and Motion in Limine to Exclude" [Doc. 97].

On December 17, 2019, the Grand Jury charged Defendant and a co-conspirator with (1) conspiracy to commit bank fraud "[f]rom on or about June 2014, through on or about December 17, 2019," in violation of 18 U.S.C. § 1349; (2) six counts of aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Doc. 3]. Defendant's trial is set to begin on October 4, 2022, following a

1

March 17 continuance that the Court granted so that the Parties could fully review the text messages that are at issue in this motion [*See* Doc. 88 at 1-2].

On June 29, 2022, Defendant filed the instant motion. She asserts that "on March 11, 2022," she "received an initial disclosure of text messages" "involv[ing] extensive conversations" between her and a co-conspirator that "span[] several years" [Doc. 97 at 1; *see also* Doc. 101 at 3]. On June 1, 2022, Defendant received a user-friendly data extraction of the same messages [Doc. 97 at 1]. Defendant argues that the text messages "contain a significant amount of information" that (1) "would not meet the threshold requirement for admissibility" under Federal Rule of Evidence 401 and (2) would be "prejudicial" under Federal Rule of Evidence 403[1] [*Id.*]. So Defendant moves the Court to "order . . . the United States to designate what specific text message evidence that it intends to introduce at trial" under Rule 12(b)(4)(B) [*Id.* at 1-2]. The United States opposes Defendant's motion, asserting that the motion "is misplaced" and "seeks a level of specificity not authorized by the rules" [Doc. 101 at 2-3]. The United States further indicates that it intends to introduce text messages that (1) "were recovered from [a co-conspirator's] cell phone," (2) "cover a key period of the conspiracy" "from November 21, 2016 to October 23, 2017," and (3) "demonstrate[] the defendant's knowledge and intent" [*Id.*].

Federal Rule of Criminal Procedure 12(b)(4)(B) permits a defendant to "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16" so that the Defendant has "an opportunity to move to suppress [that] evidence under Rule 12(b)(3)(C)." Fed. R. Crim. P. 12(b)(4)(B). The Rule gives

---

[1] Rule 403 permits a Court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Asserting that relevant evidence is "prejudicial" is not enough.

2

a defendant the opportunity to "avoid the necessity of moving to suppress evidence which the government does not intend to use" and "effectively bring[] suppression motions before trial." *United States v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995) (interpreting Rule 12(d), which was later relocated to Rule 12(b)(4)(B)).

Rule 12(b)(4)(B) anticipates that the United States will identify whether it intends to use Rule 16 evidence "in its evidence-in-chief at trial" upon a proper request from a defendant. *See* Fed. R. Crim. P. 12(b)(4)(B); *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) ("Rule 12(b)(4)(B) does require . . . the government to respond to a defendant's request for notice."). But Rule 12(b)(4)(B) is not a vehicle to "ascertain[] the government's trial strategy" or "alert [a defendant] to the strength or weakness of the government's case." *de la Cruz-Paulino*, 61 F.3d at 994; *United States v. Ferguson*, No. 16-CR-103, 2018 WL 636710, at *2 (E.D. Tenn. Jan. 30, 2018) ("[Rule 12(b)(4)(B) does not] require the government to identify all the particular documents it will offer at trial."). Instead, once the United States has identified the applicable evidence, "[t]he task of identifying what evidence discoverable under Rule 16 might be the rightful object of a suppression motion belongs to [a] defendant." *Ishak*, 277 F.R.D. at 159. This remains true even where the evidence is voluminous. *See United States v. Koschtschuk*, No. 9-CR-96, 2010 WL 584018, at *10 (W.D.N.Y. Feb. 16, 2010) (rejecting defendant's motion under Rule 12(b)(4)(B) that the United States "be more specific" as to particular portions of "many hours of electronic intercepts" the United States intended to use at trial because the request had "no basis" in the Rule).

Here, the United States has provided sufficient notice under Rule 12(b)(4)(B), and Rule 12 does not obligate the United States to make the specific designation that Defendant seeks. *See* Fed. R. Crim. P. 12(b)(4)(B). The United States provided the applicable text messages to Defendant in compliance with Rule 16 [*See* Docs. 97 at 1; 101 at 2]. And the United States has

3

responded to Defendant's motion by indicating its intent to introduce a subset of the "subject text messages" between Defendant and a co-conspirator from "November 21, 2016 to October 23, 2017" in its case-in-chief [Doc. 101 at 2]. This is sufficient to satisfy Rule 12(b)(4)(B). *See* Fed. R. Crim. P. 12(b)(4)(B); *Ishak*, 277 F.R.D. at 158-59 (rejecting defendant's "claim that the Rule requires the government to disclose its trial exhibit and witness list where a defendant files a [Rule 12(b)(4)(B)] request"). The volume of messages potentially at issue does not change this analysis. *See Koschtschuk*, 2010 WL 584018, at *10. Especially here, where the Court granted a continuance to allow Defendant to comprehensively review the messages before trial. And to the extent Defendant's motion was designed to use Rule 12(b)(4)(B) to "ascertain[] the government's trial strategy" or learn "the strength or weakness" of the United States's case, Defendant's motion is improper. *See de la Cruz-Paulino*, 61 F.3d at 994; *Ferguson*, 2018 WL 636710, at *2.

Accordingly, the Court **DENIES** Defendant's "Motion in Limine for Designation of Evidence and Motion in Limine to Exclude" [Doc. 97]. To the extent Defendant intended to move the Court to "exclude evidence" under Federal Rules of Evidence 401 or 403, [*see* Doc. 97 at 1], the Court **DENIES** that portion of Defendant's motion, too. Defendant has not objected to any specific text message, the United States has not had an opportunity to respond, and the Court has not received and reviewed the relevant text messages. If Defendant wishes to file any pre-trial motion objecting to the admissibility of any specific text message, she must do so on or before **August 3, 2022**. The United States may file any response on or before **August 10, 2022**.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge