UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-CR-216-KAC-JEM-1 |
| | ) |
| WYNDE COLLINS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO EXCLUDE 404(b) EVIDENCE

This criminal case is before the Court on Defendant's Motion to Exclude 404(b) Evidence [Doc. 78] and the United States's Response [Doc. 92]. Because evidence of Defendant's conduct related to an allegedly fraudulent August 2017 mobile home loan is "inextricably intertwined" with Defendant's alleged conduct in the charged bank fraud conspiracy involving automobile loans from June 2014 through December 2019, it falls outside of Rule 404(b) and is not properly excluded on that basis alone. However, even if the evidence were not "inextricably intertwined" with the bank fraud conspiracy charge and therefore within the scope of 404(b), that evidence is admissible under 404(b) as evidence of Defendant's knowledge, intent, or absence of mistake. And the probative value of this evidence is not substantially outweighed by the risk of prejudice to Defendant under Rule 403. Accordingly, the Court **DENIES** Defendant's Motion to Exclude 404(b) Evidence [Doc. 78].

In Count One, the Grand Jury charged Defendant with conspiracy to commit bank fraud "[f]rom on or about June 2014, through on or about December 17, 2019," in violation of 18 U.S.C. § 1349 [Doc. 3 ¶ 1]. The Indictment alleges that Defendant, along with two (2) co-conspirators, "executed an automobile loan scheme" involving "false automobile loan

applications" [*Id.* ¶ 15]. To do so, Defendant and her co-conspirators "fraudulently represent[ed] to the financial institutions that they were engaged in legitimate transfers and sales of vehicles in order to obtain financing" [*Id.* ¶ 10]. Defendant "provide[d] false income information for the loan applications" by "making material false representations to the lenders as to the borrower's income and source of income on the vehicle loan applications" [*Id.* ¶ 20]. Defendant also "facilitate[d] the creation of fraudulent tax returns" "to lend legitimacy to the loan applications" [*Id.* ¶ 21]. In one particular instance, Defendant and a co-conspirator allegedly "applied for and caused others to apply for a mortgage loan at Alcova Mortgage, LLC," which was "later acquired by Wells Fargo bank" [*Id.* ¶ 24]. This loan also "contained material false representations regarding source and amount of income which Alcova Mortgage, LLC relied upon in approving the mortgage application" [*Id.* ¶ 25]. In Counts Two through Seven, the Grand Jury further charged Defendant and a co-conspirator with aiding and abetting bank fraud by on six (6) separate occasions, spanning from April 2017 to August 2017, in violation of 18 U.S.C. § 1344 and 2 [*Id.* ¶¶ 26-27]. As to these counts, Defendant and her co-conspirators allegedly caused "automobile loans" "to be issued" and "made materially false and fraudulent pretenses" "to procure the issuance of automobile loans" [*Id.* ¶ 27].

On March 14, 2022, the United States filed a Notice of Intent to Offer evidence under Federal Rule of Evidence 404(b) [Doc. 75 at 1]. Initially, the United States sought to introduce evidence of three (3) prior acts in its case-in-chief [*Id.* at 1-2]. Only the instant 2017 mobile home loan remains at issue [*See* Doc. 92 at 2 ("[T]he United States has determined not to use the defendant's prior convictions and arrest in its case[-in-]chief or in its rebuttal case.")]. The United States specifically seeks to introduce evidence of Defendant's "involvement in obtaining a fraudulent mobile home loan for Debra Ridenour in August 2017" [Doc. 75 at 2]. The United

2

States proffers that the proposed evidence tends to show that Defendant "falsified income and employment information on Ms. Ridenour's loan application" and "submitted fraudulent tax return information to support the mortgage loan application" and to ultimately secure a mortgage for the mobile home [Doc. 92 at 2-3]. Defendant argues that the proposed evidence "is not a part of the charged conspiracy or substantive bank fraud counts" in this case and "serve[s] no other permissible purpose other than propensity" [Doc. 78 at 2]. Defendant further argues that the probative value of the proposed evidence "is substantially outweighed" by "its potential prejudicial effect" [*Id.*].

The United States articulates two bases to introduce this evidence. ***First***, the United States asserts that the evidence is admissible independent of Rule 404(b) "because it is 'inextricably intertwined' with the evidence charged in the conspiracy offense," "shows the continuation of the conspiracy to defraud financial institutions," and "occurred close in time to the events charged in the conspiracy" [Doc. 92 at 3-4]. The United States asserts that the August 2017 mobile home loan involved "the same method used to procure the Wells Fargo loan" described in Count One [Doc. 75 at 3]. ***Second***, the United States asserts that the evidence is admissible even if it falls within Rule 404(b) because it tends to "show knowledge, intent, and absence of mistake" [Doc. 92 at 2]. The United States "anticipates that the defendant will argue that she was mistakenly entangled in the mortgage fraud scheme" and "lacked the *mens rea* to join the scheme" [*Id.* at 5]. So the proposed evidence of Defendant's "involvement in another, mortgage fraud scheme with a different individual and a different bank" would be "highly probative of the defendant's knowledge and absence of mistake" with respect to the indicted conduct [*Id.* at 5-6].

Rule 404(b) does not apply to certain types of background evidence, commonly referred to as "*res gestae*." *See United States v. Henderson*, 626 F.3d 326, 338 (6th Cir. 2010). *Res gestae*

3

evidence "typically provides context for the jury, either because it is directly probative, acts as a prelude to the offense or arises from the same events, forms an integral part of a witness's testimony, or completes the story of the offense." *United States v. De Oleo*, 697 F.3d 338, 344 (6th Cir. 2012); *see also United States v. Churn*, 800 F.3d 768, 777-80 (6th Cir. 2015) (affirming admission of a real estate transaction that was "set up the same" and occurred "at the same time" as the indicted conduct). *Res gestae* evidence "has a causal, temporal, or spatial connection with the charged offense," *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000), but need not be identical to the charged offense, *see Churn*, 800 F.3d at 779 ("[W]e only require that the facts are 'closely related,' not identical."). Such *res gestae* evidence may be admitted when it "is 'intrinsic' or 'inextricably intertwined' with charges named in the indictment," *United States v. Potts*, 173 F.3d 430, at *9 (6th Cir. 1999), so long as the court engages in the Rule 403 balancing inquiry, *see Churn*, 800 F.3d at 779; Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

In contrast, Rule 404(b)(1) prohibits admission of "[e]vidence of any other crime, wrong, or act" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While Rule 404(b)(1) prohibits the use of evidence of prior acts to show propensity, Rule 404(b)(2) permits the use of such evidence to show "intent, preparation, plan, knowledge," "absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To admit the proposed evidence here, the Court must determine (1) that the "other acts actually occurred," (2) that "they [a]re admissible for a permissible [Rule] 404(b) purpose," and (3) that "the acts' probative value [i]s not substantially outweighed by the danger of

4

unfair prejudice." *See De Oleo*, 697 F.3d at 343 (internal quotation marks omitted) (approving admission of evidence of defendant's close-in-time, unindicted involvement with other clinics to show defendant's intent, knowledge, or plan to commit Medicare fraud at another clinic). "Evidence showing that a defendant formed a particular intent on a prior occasion may provide insight into his state of mind when he committed the charged offense . . . [especially] when it shows that the defendant took similar actions in a similar situation." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018); *see United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011).

Here, evidence of Defendant's involvement in the allegedly fraudulent August 2017 mobile home loan is *res gestae* evidence of the alleged bank fraud conspiracy and substantive counts of bank fraud in this case. The Indictment charges that Defendant conspired to commit bank fraud from approximately June 2014 through December 2019 by providing false information about income and employment to various financial institutions to obtain vehicle loans [*See* Doc. 3 ¶¶ 1, 20, 21]. The Indictment also charges Defendant with six (6) counts of bank fraud between April and August 2017 [*Id.* ¶¶ 26-27]. The method Defendant used to secure the August 2017 mobile loan is similar to specific conduct alleged in the Indictment: it involves obtaining financing from a lender by submitting falsified loan applications and supporting false tax documents. *See Churn*, 800 F.3d at 778-80. And Defendant allegedly used this method during the conspiracy period—showing temporal proximity. *See Hardy*, 228 F.3d at 748. Defendant's conduct in August 2017 is therefore "intrinsic" or "inextricably intertwined" with the charged conduct, so it is proper *res gestae* evidence. *See Potts*, 173 F.3d at *9.

Additionally, the probative value of evidence of Defendant's involvement in the August 2017 mobile home loan is not substantially outweighed by the danger of unfair prejudice under Rule 403. Because the evidence is similar to Defendant's indicted conduct and occurred around

the same time as the indicted conduct, it is highly probative of Defendant's intent and knowledge in this case. *See Asher*, 910 F.3d at 860-61. Moreover, Defendant has not meaningfully articulated any "unfair prejudice" that could substantially outweigh the evidence's significant probative value. *See* Fed. R. Evid. 403. The evidence is not so inflammatory "that it creates too much of a risk that the jury will generalize from prior examples of bad character." *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012).

Further, even if this evidence were not *res gestae*, and was instead subject to Rule 404(b), it is independently admissible as evidence of Defendant's intent, knowledge, or absence of mistake related to the charged conduct. Defendant does not contest that the August 2017 acts actually occurred, perhaps because the United States has presented ample proposed evidence of the acts [*See* Doc. 75-3]. This proposed evidence is probative of Defendant's familiarity with obtaining loans by falsifying material documents, which tends to demonstrate that Defendant's alleged involvement in the conduct alleged in Counts One through Seven in the Indictment was not by mistake. *See United States v. English*, 785 F.3d 1052, 1055-56 (6th Cir. 2015) (evidence of defendant's involvement in other fraudulent schemes demonstrated that he "was thus aware of how such schemes operated" "and had not [acted] by mistake"); *De Oleo*, 697 F.3d at 342-43 (evidence of defendant's involvement in two earlier-in-time fraudulent clinics that "fabricate[d] patients' medical charts in a similar manner" as defendant's fraudulent clinic was probative of defendant's "plan to defraud Medicare" and "intent to run the [fraudulent] clinic in a similar manner"). Moreover, the United States must prove that Defendant intended to defraud the relevant financial institutions. *See* 18 U.S.C. § 1344; *Loughrin v. United States*, 573 U.S. 351, 357 (2014) ("[T]he first clause of § 1344, as all agree, includes the requirement that a defendant intend to 'defraud a financial institution.'"). And the evidence of Defendant's acts related to the August 2017 mobile

6

home loan goes to show her knowledge of the particular fraud scheme and intent to engage in such a scheme as alleged in the indictment. Moreover, for the reasons described above, the significant probative value of the proposed evidence is not substantially outweighed by the potential danger of unfair prejudice to Defendant.

Accordingly, the Court **DENIES** Defendant's Motion to Exclude 404(b) Evidence [Doc. 78]. To the extent Defendant wishes to seek a limiting instruction regarding this evidence, she should raise that issue at trial if the evidence is introduced.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge