UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WYNDE COLLINS, )<br>)<br>Defendant. ) | No.: 3:19-CR-216-KAC-JEM-1 |

## ORDER DENYING EXTENSION OF TIME TO SELF-SURRENDER

This criminal case is before the Court on Defendant's "Motion to Extend Time to Self-Report to the Bureau of Prisons" [Doc. 219] and the United States's "Response in Opposition" [Doc. 221]. Because Defendant has not provided a sufficient legal basis to support her request and has otherwise not demonstrated good cause to delay her self-surrender date, the Court denies her request.

On December 17, 2019, the Grand Jury charged Defendant with (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count One); (2) six (6) counts of aiding and abetting bank fraud on separate occasions, in violation of 18 U.S.C. §§ 1344 and 2 (Counts Two through Seven); and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Eight) [Doc. 3]. The Court granted Defendant pretrial release on conditions [Docs. 8; 51]. On October 20, 2022, a jury found Defendant guilty of all counts [*See* Doc. 149]. On June 8, 2023, the Court sentenced Defendant to 121 months' imprisonment [Doc. 187 at 3]. The Court granted Defendant's request to remain released on her existing conditions pending designation by the Bureau of Prisons [*Id.*]. The Bureau of Prisons recently designated Defendant to self-surrender to a Bureau of Prisons facility on July 24, 2023 [Doc. 219 at 1].

On July 11, 2023, less than fourteen (14) days before her self-surrender date, Defendant filed the instant Motion, asking the Court to "extend her self-report date by thirty days" so that she can "make a number of arrangements" and "interview caregivers" for her aging parents [*Id.* at 1-2]. Defendant did not identify a legal basis for her request [*See generally id.*]. The United States opposed the Motion, noting that Defendant "had ample time to address family concerns" and her "failure to appropriately plan" does not "demonstrate[] good cause for any delay" especially where Defendant "has a large, close-knit extended family" who could "assist in finding suitable caregivers" [Doc. 221 at 2-3].

Permission to self-surrender for the service of a sentence is a "discretionary benefit[]." *See United States v. Rainey*, 480 F. App'x 842, 845 (6th Cir. 2012). The precise legal standard to delay self-surrender is unclear, but this Court has generally required a showing of good cause. *See United States v. Talley*, No. 16-CR-21, 2019 WL 2590795, at *1 (E.D. Va. May 10, 2019) (questioning whether the court retained jurisdiction over a request to delay the self-surrender date); *United States v. Casey*, No. 11-CR-9, 2011 WL 4860037, at *4 (E.D. Tenn. Oct. 13, 2011). Defendant has not met that burden here.

Defendant was indicted in December 2019 [*See* Doc. 3]. She has been released on conditions throughout the pendency of this case, including post-conviction [*See* Docs. 8; 51; 146; 185]. Now, post-indictment, post-trial, and post-sentencing, Defendant asks the Court to delay the start of her custodial sentence without providing any legal authority. And to the extent good cause is sufficient, the facts of this case do not establish good cause.

Defendant has had at least nine (9) months—post-conviction—to "make a number of arrangements" before her impending prison term. To be sure, Defendant's parents "are each suffering declining health and mobility" [Docs. 176 at 3; 219 at 1]. But there is no evidence that

2

Case 3:19-cr-00216-KAC-JEM   Document 222   Filed 07/20/23   Page 2 of 3   PageID #: 6754

these challenges are new [*See* Doc. 219 at 1 (failing to identify a date of challenges or injuries)]. And according to the record in this case, Defendant "and her sister alternate[d] travelling to Michigan to assist" their mother, who lives in Canton, Michigan, and their father, who lives in Detroit, Michigan [*See* Docs. 176 at 3; 171 ¶ 86, *sealed]. Further, Defendant's brother lives in Detroit, Michigan, near their parents [Doc. 171 ¶ 86, *sealed]. There is no evidence suggesting that Defendant's sister or brother is unable to assist with "interview[ing] caregivers" and otherwise making "arrangements" for Defendant's parents. On this record, Defendant has not established good cause for a delay. *See United States v. Chartaev*, No. 11-CR-514, 2022 WL 17082544, at *1 (E.D. Cal. Nov. 18, 2022) (denying request to delay the self-surrender date based in part on defendant's desire to spend time with family). Accordingly, the Court **DENIES** Defendant's "Motion to Extend Time to Self-Report to the Bureau of Prisons" [Doc. 219].

    IT IS SO ORDERED.

                                                          KATHERINE A. CRYTZER
                                                          United States District Judge